Battle, J.
 

 In the case of
 
 Lewis
 
 v. Mobley, 4 Dev. and Bat. Rep. 323, it was held that where the purchaser of a slave, from a tenant for life, sold him
 
 out and> out
 
 during the life of the tenant for life, the ultimate owner could not maintain trover against the seller for the alleged conversion, because, during the life of the tenant for life, his right of possession had not accrued, and after the death of such tenant, there was no act of conversion. It had been previously decided in the case of
 
 Andrews
 
 v.
 
 Shaw,
 
 4 Dev. Rep. 70, that the action of trover could not be maintained against the hirer of a slave for a year, who liad sold him
 
 out and out
 
 during the year, if the action had been commenced during the term of the hiring ; because the plaintiff, in trover, must have both, the right of property and of present possession. The case, first referred to, of
 
 Lewis
 
 v.
 
 Mobley,
 
 is but an extension of this doctrine, and shows that the right of property, and of immediate possession, must exist at the time when the
 
 act of oonv&rsion
 
 occurs. For a similar reason, we think that the doctrine, which allows the owner of a personal chattel, wrongfully converted by a sale, to waive the tort and bring an action of assumpsit for
 
 *155
 
 money had and received, can apply only when the owner has a right to the money at the time when the tort is committed.
 

 Wo have seen that a sale of a slave
 
 out cmd out
 
 by a tenant for life, is not an act of conversion at the termination of the life-estate, and it would seem to be a necessary consequence, that the action of assumpsit for money had and received, which depends -upon the waiver of a tort, could not then be maintained against the executors of the tenant for life; because there was not then, any tort to be waived.
 

 Such is the conclusion, to which we have been led, upon the ground, taken by the counsel, that the testator of the defendants was a tenant for life, of the slave, which he sold, with a remainder of the absolute interest in the plaintiff. But in truth, the plaintiff'had the legal estate in him as trustee, all the while, and might have brought an action of trover, or assumpsit, for money had and received against the testator immediately after the sale of the slave. Such action ought, however, to have been brought within three years after the cause of it accrued, and the one which was brought was, therefore, barred by the statute of limitations, so that the case of the plaintiff'is not altered, for the better, by this view’ of it.
 

 We, therefore, concur with his Honor, that the action cannot be maintained. But we do not undertake to say that the plaintiff has lost all remedy, either by the presumption of the slave’s death, or by any other cause. It is a matter for his consideration, whether he cannot, by a bill in Equity, follow the fund, upon the principle recognised in
 
 Haughton
 
 v.
 
 Benbury,
 
 2 Jones’ Equity, 337;
 
 Cheshire
 
 v. Cheshire, 2 Ired. Eq. 569, and
 
 McKeil
 
 v. Cutlar, 4 Jones' Eq. 381.
 

 This view of the case, makes it unnecessary to notice the argument, strongly and ably urged by the counsel for the plaintiff, that the doctrine of the presumption of the death of a person, arising from his having gone to parts unknown, and not heard from for seven years, or more, ought not, for obvious reasons, to be applied to slaves. It must be admitted that our courts have recognised the doctrine as applicable to slaves
 
 *156
 
 as well as to free persons, but it does not appear that the attention of the Court was called to the supposed distinction in any of the cases contained in our Reports. See
 
 Lewis
 
 v. Mobley, and
 
 Haughton
 
 v.
 
 Benbury ubi supra.
 
 It may be well worth the enquiry, whether the doctrine in question, as applied to slaves, is so fixed in our law, by judicial recognition, that it cannot be changed except by Legislative action, and if such action be necessary, whether it ought to be invoked.
 

 The judgment of the Superior Court is affirmed.
 

 Per Curiam,
 

 Judgment affirmed.